NEW BEDFORD BRIDGE (UNITED STATES v.). See Case No. 15,867.

NEW BEDFORD COMMERCIAL INS. CO. (LAWRENCE v.). See Case No. 8,140.

NEW BEDFORD COPPER CO. (RICHMOND v.). See Case No. 11,800.

NEWBERRY (BARRON v.). See Case No. 1,056.

## Case No. 10,143.

### NEWBERRY v. The FASHION.

[1 Newb. 67.] [1]

District Court, D. Michigan. 1856,

SHIPPING—SALE OF VESSEL AND APPURTENANCES —WHAT PASSES.

Where one sells a steamboat with all appurtenances, &c., and prior to the sale, the owner had procured a new ash-pan for the boiler, which had been delivered to the owner, but was not placed on board the boat, held, that the ash-pan passed under the bill of sale as appurtenant to the boat.

In admiralty.

John S. Newberry, for libelant.
Levi Bishop, for respondent.

WILKINS, District Judge. This libel is brought to recover the value of an ash-pan, taken by the claimants from the dock of Oliver Newberry, and by them fixed in their steamboat. The libelant was the former owner of the Fashion, and during his ownership, in 1854, procured this new ash-pan, for her use, the old one being worn out, and rendering the navigation of his vessel unsafe. It is in testimony that this new ash-pan was delivered for the Fashion, at the dock of Oliver Newberry, and there remained during the winter of 1854–5, the navigation being closed, and the Fashion being in dock for the winter. It is in proof also that by measurement, the new ash-pan fitted the vessel for which it was made, and that the old one was unfit for service, and of no value but as old iron. On the 14th of February, 1855, the libelant sold the fashion to Oliver Newberry, the ash-pan in question being then on his dock; and by the bill of sale transferred his title in the boat with her engine, tackle, apparel, furniture and appurtenances, to the vendee, who, shortly after, by a similar bill of sale, sold the same to the respondents. After this sale, the engineer of the Fashion sent for the ash-pan, and on inquiry at the counting-room of Oliver Newberry, it was pointed out by one of the clerks, and the same was taken without dissent, and placed on the Fashion. The bill of sale controls the question, as to the intention of the parties. It is true that Oliver Newberry bought the vessel, without a knowledge of the fact, whether or not a new ash-pan was necessary, and had been procured; but his purchase embraced all that property appertained to the vessel, her tackle, her fixtures and her apparel; and such was clearly the intention of both vendor and vendee, when they executed the bill of sale. Had Oliver Newberry remained the owner, and fitted out the vessel in the spring, there can be no question but what he would have claimed the ash-pan as an appurtenance embraced in the bill of sale—and rightfully too—and his sale to the respondents passed all his rights. Decree dismissing libel, with costs.

[1] [Reported by John S. Newberry, Esq.]